UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUCIA GONCALVES OLIVEIRA, et al, <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH B. EDLOW, *Director of US Citizenship and Immigration Services*, et al, <br><br> Defendants. | Case No. 25-cv-13228-BEM |

## DEFENDANTS' RESPONSE TO COURT ORDER

Defendants respectfully submit the following response to the Court's November 3, 2025 electronic order, which ordered Plaintiffs to show cause "as to why this Complaint should not be dismissed for lack of jurisdiction under 8 U.S.C. s. 1252(g)," and further granted "Defendants leave to file any response to this Order or to Plaintiff's show cause response within seven days of service of the Complaint." Doc. No. 5. For the reasons explained below, the Court lacks jurisdiction to stay or otherwise enjoin Defendants from executing Plaintiffs' final orders of removal—notwithstanding their pending U-visa application and Motion to Reopen. The Court should therefore decline to extend its November 3, 2025 order restraining Defendants "from removing Plaintiffs from the District of Massachusetts," *id.*, and dismiss the complaint for lack of subject matter jurisdiction.

Plaintiffs Lucia Goncalves Moreira Oliveira and Adelio Bento de Oliveira were ordered removed on January 16, 2025. Doc. No. 1 at 7. They subsequently filed a U-visa application on March 19, 2025. *Id.* at 8. In addition, Plaintiffs filed a motion to reopen their removal proceedings and a motion to stay their removal with the Board of Immigration Appeals (BIA) on April 22, 2025. *Id.* The BIA initially granted but later lifted the motion to stay. *Id.* Plaintiffs also claim

that they filed a second motion to reopen their removal proceedings and a second motion to stay their removal on September 19, 2025.  *Id.*  Plaintiffs allege that the BIA again denied the motion to stay, but that the motion to reopen remains pending.  *Id.* at 9.  Plaintiffs do not allege that they ever filed a petition for review or a motion for a stay with the United States Court of Appeals for the First Circuit.

On October 2, 2025, Plaintiffs filed petitions for writs of habeas corpus asking this Court to "[e]njoin [the government] from removing [them] without first providing [them] with sufficient time to see [their] U Visa Petition and Motion to Reopen through."  *Oliveira et al v. Lyons et al*, Case No. 1:25-cv-12859-LTS (D. Mass. Oct. 2, 2025), ECF Doc. 1 at 11; *see Bento de Oliveira v. Lyons et al*, Case No. 25-cv-12862-LTS (D. Mass. Oct. 2, 2025), ECF Doc. 1 at 11.  Another session of this Court (Sorokin, J.) denied the petitions, finding that it lacked jurisdiction to grant their requested relief.  *See Oliveira et al v. Lyons et al*, Case No. 1:25-cv-12859-LTS (D. Mass. Oct. 24, 2025), ECF Doc. 11 at 6.  Plaintiffs then filed the instant action and a motion for a temporary restraining order and/or preliminary injunctive relief.  Doc. No. 1; Doc. No. 2.  Plaintiffs again seek an order enjoining Defendants from executing their final orders of removal while their U-visa application and Motion to Reopen remain pending.  *See id.*

The Court lacks jurisdiction over Plaintiffs' complaint because it seeks to enjoin Defendants from executing their removal orders while their U-visa application and Motion to Reopen remain pending.  *See* Doc. No. 1 at 15.  Section 1252(g) provides, in relevant part, that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."  8 U.S.C. § 1252(g).  Here, Plaintiffs claim that the execution of their removal orders while their U-visa application and

2

Motion to Reopen remain pending would violate the Due Process Clause of the Fifth Amendment and other federal laws. *See* Doc. No. 1 at 15. Their complaint expressly seeks to stay the execution of the "removal orders against" them, and thus falls squarely within the scope of Section 1252(g). *See Compere v. Riordan*, 368 F. Supp. 3d 164, 171 (D. Mass. 2019) ("[Plaintiff] is subject to a final order of removal and he seeks to enjoin ICE from enforcing that order of removal. His claim for injunctive relief falls, therefore, directly within the jurisdictional bar set by Congress.").

Indeed, another session of this Court (Sorokin, J.) recently rejected the same request by the same Plaintiffs to temporarily enjoin the execution of their removal orders while their U-visa application and Motion to Reopen remain pending. *See Oliveira et al v. Lyons et al*, Case No. 1:25-cv-12859-LTS (D. Mass. Oct. 24, 2025), ECF Doc. 11 at 6. In that case, the Court explained that Section 1252(g) "bar[red]" Plaintiffs' efforts to secure "an order 'enjoining Respondents from removing Petitioners without first providing them with sufficient time to see the U Visa Petition and Motion to Reopen through.'" *Id.* (citation omitted, alterations adopted). The same reasoning supports the same outcome in this case. Although Judge Sorokin addressed petitions for a writ of habeas corpus, Section 1252(g) applies equally to habeas proceedings and other civil actions. *See* 8 U.S.C. § 1252(g) (referring to "any cause or claim").

In habeas and non-habeas actions alike, this Court and others have held that Section 1252(g) bars jurisdiction to enter a stay of removal even where the plaintiffs seek more time to have their applications for different forms of immigration relief adjudicated. *See, e.g.*, *Compere*, 368 F. Supp. 3d at 171 (holding that Section 1252(g) barred jurisdiction over request for preliminary injunction restraining ICE from removing plaintiff while his request to compel USCIS to adjudicate his adjustment-of-status application was pending); *E.F.L. v. Prim*, 986 F.3d 959, 964 (7th Cir. 2021) (holding that Section 1252(g) barred jurisdiction over challenge to the

3

government's "decision to execute [the petitioner's] removal order while she seeks administrative relief"); *Lin v. Borgen*, No. 25-cv-05618 (MMG), 2025 WL 2158874, at *4 (S.D.N.Y. July 30, 2025) (holding that Section 1252(g) barred jurisdiction over "a request for an order that ICE refrain from executing [the petitioner's] final order, in hopes that USCIS will grant his pending Form I-601A, which would allow him to apply to adjust his immigration status on a shorter timeframe and, if he was successful, obviate the removal order down the road").

Respectfully, Plaintiffs' arguments to the contrary lack merit. *First*, Plaintiffs state that "they do not request [a] *permanent* injunction with regard to their removal order, only a *stay* until" USCIS makes a bona fide determination on their U-visa application. Doc. No. 1 at 7 (emphasis added). To their credit, Plaintiffs forthrightly admit that they seek a stay of their removal order.[1] Section 1252(g), however, prohibits district courts from enjoining the execution of a final order of removal on either a temporary or permanent basis. *See e.g., Tejada v. Cabral,* 424 F. Supp. 2d 296, 298 (D. Mass. 2006) ("Congress made it quite clear that all court orders regarding alien removal—be they stays or permanent injunctions—were to be issued by the appropriate courts of appeals."); *Compere*, 368 F. Supp. 3d at 170 ("the Court simply lacks jurisdiction to grant a stay of a final order of removal"); *Candra v. Cronen*, 361 F. Supp. 3d 148, 156 (D. Mass. 2019) ("The decision to stay removal is part and parcel of the administrative process of executing a removal order: A decision not to grant a stay of removal is in effect a decision to execute a removal order, and vice

---

[1] As this Court recently observed, a request for "an order 'enjoining Respondents from removing Petitioners without first providing them with sufficient time to see the U Visa Petition and Motion to Reopen through'" simply "invites this Court to issue an order effectively staying their final orders of removal—orders the BIA already stayed once and then, after deciding Petitioners (acting through new counsel) had not established that reopening of their removal proceedings was warranted, declined to stay again." *See Oliveira et al v. Lyons et al*, Case No. 1:25-cv-12859-LTS (D. Mass. Oct. 24, 2025), ECF Doc. 11 at 6.

versa. The denial of a stay application fits cleanly within the category of decisions that § 1252(g) bars courts from second-guessing.").

*Second*, Plaintiffs argue that their complaint raises "a purely legal challenge," as opposed to a challenge to the government's discretion over whether and when to execute a removal order. Doc. No. 8 at 2–6. Section 1252(g), however, applies to "*any* cause or claim . . . arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g) (emphasis added). Thus, the relevant inquiry concerns whether the plaintiff seeks to challenge one of those "three discrete actions." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) ("*AADC*"). The inquiry does not, by contrast, turn on whether the basis for such a challenge involves a "purely legal" issue. "Nowhere in *AADC* did the Court suggest . . . that the statute's jurisdictional limits might not apply depending on the particular grounds raised by an alien for challenging the Attorney General's decisions or actions in these three areas." *Demore v. Kim*, 538 U.S. 510, 537 (2003) (O'Connor, J., concurring in part); *see Candra*, 361 F. Supp. 3d at 156 (Section 1252(g) "applies to constitutional as well as statutory claims").

Here, Plaintiffs expressly seek an order directing ICE to "wait to execute the removal order" until USCIS makes a bona fide determination on their U-visa application. Doc. No. 1 at 6. Their claim thus necessarily arises out of the government's decision over *when* to execute a removal order. As this Court has previously explained, "[t]he bar under Section 1252(g) applies to 'any cause or claim' arising from the execution of a removal order, including constitutional claims." *Lopez Lopez v. Charles*, No. 12-cv-101445-DJC, 2020 WL 419598, at *4 (D. Mass. Jan. 26, 2020) (citing *Candra*, 361 F. Supp. 3d at 156). "So even as [Plaintiffs] frame[] [their] claim

5

as a violation of due process, for failure to stay removal pending" the adjudication of their U-visa application, "this does not change the jurisdiction stripping analysis under Section 1252(g)." *Id.*[2]

*Third*, Plaintiffs argue that Section 1252(g) does not apply where the plaintiff has petitioned for a U-visa under the Victims of Trafficking and Violence Protection Act ("TVPA"). Doc. No. 8 at 6–7. That is incorrect. Nothing in the TVPA purports to affect the applicability of Section 1252(g). Nor does the law afford U-visa applicants an automatic right to stay a final removal order pending adjudication of a U-visa application. Noncitizens with pending U-visa applications who are subject to a final order of removal may *request* that ICE issue a stay of removal, but the agency retains discretion to grant or deny such a request. *See* 8 U.S.C. § 1227(d)(1); 8 C.F.R. § 241.6(a).

*Fourth*, Plaintiffs argue that the Court has jurisdiction under 28 U.S.C. § 1361, which vests district courts with jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, Section 1252(g) provides that its jurisdiction-stripping provision applies "notwithstanding any other provision of law," including—specifically—28 U.S.C. § 1361. "The word 'notwithstanding'" in this context "means § 1252(g) strips jurisdiction even if other provisions of law might otherwise have provided it." *Jian Wang v. Wolf*, 511 F. Supp. 3d 1060, 1068 (C.D. Cal. 2021). "Thus, there is no Mandamus Act [] exception to the jurisdiction-stripping

---

[2] The cases on which Plaintiffs rely are inapposite because those decisions involved legal challenges *independent of* the government's decision to execute a removal order. Here, "[b]y contrast," Plaintiffs' claim "cannot be decided independent of—and thus is not collateral to—ICE's choice to execute [their] removal." *Balogun v. Sessions*, 330 F. Supp. 3d 1211, 1217 (C.D. Cal. 2018). "If Plaintiff[s] win[], ICE must stay removal; if Plaintiff[s] lose[], ICE will almost certainly carry it out." *Id.* "Either way, entertaining [their] claim would require judicial second-guessing of ICE's discretionary decision of whether and *when* to execute removal—the very outcome that section 1252(g) precludes." *Id.* (emphasis added).

effect of § 1252(g)." *Id.*; *see Sadhvani v. Chertoff*, 460 F. Supp. 2d 114, 122 (D.D.C. 2006) (finding that Section 1252(g) barred jurisdiction over claim under 28 U.S.C. § 1361).[3]

In sum, Plaintiffs expressly seek an order requiring "that ICE wait to execute the removal order until a [bona fide determination] is issued on their U Visa petition." Doc. No. 1 at 6. Put another way, they seek to "challenge[] ICE's decision not to delay [their] removal pending the adjudication of [their] application for relief." *Garcia-Herrera v. Asher*, 585 F. App'x 439, 440 (9th Cir. 2014). "[B]y [their] own formulation, this constitutes a challenge to ICE's decision to execute a removal order." *Id.* Section 1252(g) thus deprives the Court of jurisdiction.

Accordingly, the Court should dismiss the complaint for lack of jurisdiction based on 8 U.S.C. § 1252(g). At minimum, the Court should deny Plaintiffs' motion for a temporary restraining order and/or preliminary injunctive relief, Doc. No. 2, and decline to extend its November 3, 2025 order restraining Defendants "from removing Plaintiffs from the District of Massachusetts," Doc. No. 5. If the Court declines to dismiss the entire action at this juncture, Defendants will timely file their response to the complaint in accordance with Federal Rule of Civil Procedure 12(a)(2).

---

[3] Plaintiffs' claim that Section 1252(g) bars jurisdiction only over challenges to discretionary decisions fails for the same reason. *See* Doc. No. 8 at 4–5. If Section 1252(g) applied only to discretionary decisions, then it could never displace claims brought under 28 U.S.C. § 1361, which applies when the defendant allegedly owes a "nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). The fact that Section 1252(g) bars claims under 28 U.S.C. § 1361 when they arise from the decision or action to execute a removal order means that it must apply to claims of nondiscretionary duties as well. In any event, the distinction does not matter in this case because Plaintiffs seek to challenge ICE's discretionary decision over when to execute a removal order.

                                                Respectfully submitted,

                                                LEAH B. FOLEY
                                                United States Attorney

Dated: November 11, 2025        By:    */s/ Michael L. Fitzgerald*
                                                  MICHAEL L. FITZGERALD
                                                  Assistant United States Attorney
                                                  U.S. Attorney's Office
                                                  1 Courthouse Way, Ste. 9200
                                                  Boston, MA 02210
                                                  (617) 748-3266
                                                  michael.fitzgerald2@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                                  */s/ Michael L. Fitzgerald*
                                                  MICHAEL L. FITZGERALD
                                                  Assistant U.S. Attorney

Dated:  November 11, 2025