

Adriana Lafaille
Managing Attorney
(617) 482-3170 x308
alafaille@aclum.org

December 2, 2025

Honorable Brian E. Murphy
United States District Court for the District of Massachusetts
John Joseph Moakely United States Courthouse
One Courthouse Way
Boston, MA 02110

Re: *Oliveira v. Edlow*, No. 1:25-cv-13228-BEM

Dear Judge Murphy:

At the November 19, 2025 hearing on plaintiffs' preliminary injunction motion, the Court inquired as to potential remedies if it determined that Immigration and Customs Enforcement Policy 11005.4, and actions implementing it, violate the Administrative Procedure Act. Amicus writes to provide further response to the Court's inquiry.

This case involves ICE's implementation of its 2025 Policy (*i.e.* Policy 11005.4 and other written or unwritten policies putting into effect Policy 11005.4, such as the blind removal policy, *see* ECF No. 10 at 9) as to the plaintiffs in this case, who were instructed to depart the United States. The 2025 Policy, and the instruction to depart the United States, are both final agency actions. And there is no question that the instruction to plaintiffs to depart the United States was given under the 2025 Policy and would not have been given under the prior policy, under which "absent exceptional circumstances, ICE [would] refrain from taking civil immigration enforcement action against known beneficiaries of victim-based immigration benefits and those known to have a pending application for such benefits."[1]

In the context of the motion for preliminary relief before the Court, if the Court agrees that plaintiffs are likely to succeed on the merits of their claim that the 2025

---

[1] *See* ICE, *Directive 11005.3: Using a Victim-Centered Approach with Noncitizen Crime Victims* 2 (Aug. 10, 2021), www.ice.gov/doclib/foia/policy/11005.3_Using VictimCenteredApproachNoncitizenVictims.pdf; *see also id.* at 3 (explaining that "[e]xceptional [c]ircumstances generally exist only" in the case of a noncitizen posing "national security concerns" or "an articulable risk of death, violence, or physical harm to any person").

Page 2
Honorable Brian E. Murphy
December 2, 2025

Policy violates the APA, the Court may issue a stay under 5 U.S.C. § 705 or grant preliminary injunctive relief.

Under 5 U.S.C. § 705, "to the extent necessary to prevent irreparable injury, the reviewing court . . . may issue *all necessary and appropriate process* to postpone the effective date of an agency action or *to preserve status or rights* pending conclusion of the review proceedings" (emphasis added). Section 705 authorizes this Court to both stay the instruction that plaintiffs depart the United States and to stay application of the 2025 Policy to the plaintiffs.

The Court may also grant preliminary injunctive relief under Rule 65(a) of the Federal Rules of Civil Procedure. *Ass'n of Am. Universities v. Dep't of Def.*, 792 F. Supp. 3d 143, 182-83 (D. Mass. 2025) (in a challenge to an unlawful "rate cap" policy, concluding that a preliminary injunction rather than a § 705 stay was the best way to provide preliminary relief limited to individual plaintiffs and organizational plaintiffs' members).[2] Under Rule 65(a), the Court could preliminarily enjoin the application of the 2025 Policy to the plaintiffs and require that ICE consider their case under the prior policy. *See DOD*, 792 F. Supp. 3d at 184 (preliminarily enjoining agency from treating funding proposals of individual plaintiffs and organizational plaintiffs' members under challenged capped rate rather than prior negotiated rate); *Orr v. Trump*, 778 F. Supp. 3d 394, 433 (D. Mass. 2025) (granting preliminary injunctive relief ordering plaintiffs' passports to be processed under the policy in effect on January 19, 2025, prior to the adoption of the challenged policy requiring all passports to reflect only applicants' sex assigned at birth).[3]

As amicus previously argued, such remedies would not run afoul of 8 U.S.C. § 1252(g) because this case is not a challenge to the denial of prosecutorial discretion, and the claims in this case do not 'arise from' ICE's decision to execute plaintiffs' removal orders, but instead from the government's adoption of the challenged policy. ECF No. 10 at 12-18.

---

[2] The requested preliminary injunction would be "prohibitory," preserving the status quo while the case is being litigated. *See Heckler v. Lopez*, 463 U.S. 1328, 1333 (1983) (prohibitory injunction "freezes the positions of the parties until the court can hear the case on the merits").

[3] While it granted preliminary injunctive relief requiring application of the prior policy as to the named plaintiffs, the court in *Orr* denied the plaintiffs' request for a § 705 stay that would have required application of prior policy to the passport applications of non-parties. *See* 778 F. Supp. 3d at 430-32.

Page 3
Honorable Brian E. Murphy
December 2, 2025

Sincerely,

*/s/ Adriana Lafaille*
Jessie J. Rossman (BBO #670685)
Adriana Lafaille (BBO # 680210)
Julian Bava (BBO #712829)
American Civil Liberties Union
Foundation Oof Massachusetts, Inc.
One Center Plaza, Suite 850
Boston, MA 02108

cc:   Counsel of record (via ECF)